## DEDERICK v. SIEGMUND.

*(Circuit Court, N. D. New York. July 1, 1890.)*

PATENTS FOR INVENTIONS—PATENTABILITY.
   · The second claim of letters patent granted September 21, 1880, to Albert A. Gehrt for baling-press, which consists of "a friction plate or pressure contrivance for applying friction to the traverser, to retard its backward movement," is invalid, because not limited to any specific devices.

In Equity.
*Church & Church,* for complainant.
*L. Hill* and *Knight Bros.,* for defendant.

WALLACE, J. The second claim of the patent in suit, (granted to Albert A. Gehrt, assignor, dated September 21, 1880, for "baling-press,") which is the only one alleged to be infringed, is as follows:

"In a baling-press in which the traverser is reversed in whole or in part by the reaction or back expansion of the pressed material, a friction-plate or pressure contrivance for applying friction to the traverser, to retard its backward movement and prevent shock, substantially as described."

In baling-presses in which the traverser is reversed by the reaction or back expansion of the pressed material, the rebound is sometimes so strong as to be seriously objectionable, or, as stated in the specification, "the traverser is reversed with a severe shock to the frame and power connection." The subject of the present patent, so far as the second claim is involved, is a friction plate or pressure contrivance for retarding the force of this rebound. The movement of the traverser takes place in a chamber. The patentee says in his specification:

"To remedy this defect, I apply more or less friction to the traverser during its backward movement, and thus stop its motion gradually. Various instrumentalities may be employed in carrying out this idea; but I prefer to adjust the lining or planking (of the chamber) by means of an adjusting screw or screws, S, so as to cause it to bear upon the top of the upper rear extension of the traverser, as shown in Fig. 1. By operating the screw, the lining or planking can be made to bear more or less tightly, as will be readily understood. The lining or planking may be permanently contracted, if desired, and the same result be produced."

These statements comprise the whole description of the friction plate or pressure contrivance. Succinctly stated, what the specification describes is this: The lining of the chamber in which the movement of the traverser takes place is adjusted inwardly by a set-screw, so as to impinge upon and arrest the traverser in its rebound, or the chamber is constructed in a contracted form so as to arrest and impede the movement of the traverser; or various other instrumentalities, to retard the rebound of the traverser, which are not mentioned, may be employed. The third claim of the patent is for a combination of the friction plate or pressure contrivance, which consists of the lining or planking adjusted by a set-screw, with the traverser. The second claim must therefore be construed as one for some other pressure contrivance for controlling the rebound of the traverser. In view of its broad terms, it cannot be restricted to one in which the pressure contrivance consists of a chamber of a permanently contracted form. It is contended for the complainant that any press of the rebounding traverser type, in which a friction plate or pressure contrivance is applied to the traverser to retard its backward movement and prevent shock, falls within the terms and scope of the claim, and is an infringement of it. The language of the claim is such as not only to justify, but to require, this scope to be given to it, and it must be construed as one for the application of friction or pressure to the traverser, during its backward movement, by any and every device which is capable of more or less retarding such movement; and this is the construction placed upon the claim, in considering the question of infringement, by the complainant's expert witness. There is no limitation in the claim to any specific devices, but the claim is intended to and does include any and all of the "various instrumentalities" by which "more or less friction" may be applied to the traverser. In other words, the claim is one for the application of friction to retard the movement of the traverser, unlimited to any particular form or character of mechanical means for effecting such application. Such a claim cannot be upheld. The bill is dismissed.